# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIUS AUGUSTINUS KENNETH PEYTON, a.k.a. Ellis,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BURDICK, BAKERSFIELD POLICE DEPARTMENT,<br><br>　　　　　　Defendants. | 1:07-cv-0453 LJO TAG<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>ORDER DIRECTING THE CLERK TO FORWARD SERVICE DOCUMENTS TO PLAINTIFF<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS TO THE COURT<br><br>ORDER DIRECTING THE CLERK TO FORWARD ANY SERVICE DOCUMENTS SUBMITTED BY PLAINTIFF TO THE MARSHAL FOR SERVICE OF PROCESS<br><br>ORDER DIRECTING THE MARSHAL TO SERVE THE COMPLAINT UPON RECEIPT OF SUFFICIENT AND APPROPRIATE SERVICE DOCUMENTS |

　　　　Plaintiff Aurelius Augustinus Kenneth Peyton ("Plaintiff") is proceeding pro se with a civil rights action, pursuant to 42 U.S.C. § 1983, against Detective Jeffrey Burdick and the Bakersfield Police Department ("BPD").  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

　　　　Plaintiff's complaint alleges that his rights to due process were violated by Detective Burdick's pre-trial investigation and falsified reports, which resulted in his incarceration as a pre-trial detainee and on a "parole hold."  Plaintiff further alleges that the BPD violated his civil rights by failing to supervise Detective Burdick to ensure that his actions were legal and ethical.  (Doc. 1).  Plaintiff has moved to proceed in forma pauperis.  (Doc. 2.)

The Court finds that Plaintiff's "Application to Proceed in Forma Pauperis by a Prisoner," wherein he reports no income and an average trust account balance of $4.41 at Kern County Sheriff's Detention Facility, satisfies the indigency requirements of 28 U.S.C. § 1915(a)(1) and that Plaintiff is unable to pay the costs of commencing this action.  See Pitts v. Delaware, Slip Copy, 2005 WL 1806434 (D. Del. 2005)($600 per month in disability benefits satisfies section 1915(a)); D'Alessandro v. Brann & Isaacson, Slip Copy, 2005 WL 1642582 (D. Del. 2005)($1,250 per month in disability benefits satisfies section 1915(a)); Calhoun v. Health & Human Services, 844 F. Supp. 1338, 1339 (E.D. Wisc. 1994)($316 per month of assistance benefits and food stamps satisfies 28 U.S.C. § 1915(a)).

Having concluded that Plaintiff is entitled to proceed in forma pauperis under section 1915(a)(1), this Court must still "screen" Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of a case at any time if the court determines that it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i),(ii), and (iii).

A claim is frivolous if it lacks an arguable basis either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831 (1989).  A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation.  Id.  A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.  Id.  The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith.  Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46, 45 S.Ct. 236, 238 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n.1 (11th Cir. 1986).  A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with

knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, the thrust of Plaintiff's complaint is that the BPD, by failing to supervise Detective Burdick, and Detective Burdick, who provided falsified and misleading evidence, manipulated the identification process, and perjured himself, caused Plaintiff to be wrongfully charged with a crime and suffer the loss of his freedom pending trial and a hearing on an apparent parole violation. (Doc. 1). Plaintiff contends that his constitutional and civil rights were violated, and that he suffered certain damages as a consequence, including the loss of a non-profit organization and a grant to aid victims of Hurricane Katrina. (Doc. 1). Plaintiff seeks, inter alia, monetary damages, injunctive relief to preclude retaliatory action by the defendants, and criminal and disciplinary action against Detective Burdick. (Doc. 1).

The Civil Rights Act is codified at 42 U.S.C. § 1983. It provides in part as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding to redress."

42 U.S.C. § 1983.

Plaintiff's claim against defendant Detective Burdick appear to be primarily based upon due process violations, while his claim against defendant BPD is a failure to supervise its employee's actions to ensure that the violations did not occur. The claims are neither frivolous nor malicious. As to whether Plaintiff's complaint states a claim on which relief may be granted, Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Under the above-mentioned standard, this Court finds that Plaintiff has stated a cognizable section 1983 claim against defendants Detective Burdick and the Bakersfield Police Department.

IT IS THEREFORE ORDERED that:

I.   Motion to Proceed in Forma Pauperis

(A). Plaintiff's request to proceed in forma pauperis IS GRANTED.

(B). In accordance with 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[1] This order assesses an initial partial filing fee of $5.00. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

///

---

[1] The statutory filing fee for all civil actions except applications for writs of habeas corpus is $350.00. See 28 U.S.C. § 1914(a).

(C). The fee shall be collected and paid in accordance with this Court's order to the Kern County Sheriff's Department, filed concurrently herewith.

II.     Service of the Complaint

    (A). Directions to the Clerk and to Plaintiff

(1). The Clerk of the Court shall send Plaintiff a USM-285 form and a summons for each of the named defendants, along with an instruction sheet, a notice of submission of documents, and a copy of the complaint filed in this Court.

(2). Within thirty days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summonses;

    b. One completed USM-285 form for each of the named defendants; and

    c. Three copies of the endorsed complaint filed in this Court.

Plaintiff need not attempt service on defendants and need not request waiver of service.

Upon receipt of the documents described above, the Clerk of the Court SHALL FORWARD them to the United States Marshal to serve (1) Detective Jeffrey Burdick and (2) the Bakersfield Police Department, pursuant to Fed. R. Civ. P. 4, without payment of costs.

    (B). Directions to the Marshal

It is ORDERED that, when sufficient and appropriate service documents are submitted to the Court and forwarded to the Marshal, the United States Marshal SHALL SERVE the complaint.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action and/or the defendants named therein for failure to obey this Court's order. Local Rule 11-110.**

IT IS SO ORDERED.

Dated:  **March 30, 2007**                           **/s/ Theresa A. Goldner**
**j6eb3d**                                           UNITED STATES MAGISTRATE JUDGE