IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIUS AUGUSTINUS KENNETH PEYTON,<br><br>   Plaintiff,<br><br>   vs.<br><br>JEFFREY BURDICK, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. CV F 07-0453 LJO TAG<br><br>**ORDER ON PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF**<br>(Docs. 28, 29.) |

## INTRODUCTION

In this 42 U.S.C. § 1983 action, incarcerated plaintiff Aurelius Augustinus Kenneth Peyton ("plaintiff") seeks injunctive relief to "withdraw" from plaintiff's ongoing state criminal action substantial evidence compiled by defendant Bakersfield police detective Jeffrey Burdick ("Detective Burdick"). For the reasons discussed below, this Court DENIES plaintiff's requested injunctive relief.

## BACKGROUND

Plaintiff proceeds on his first amended complaint to allege that in September 2006, Detective Burdick investigated "an indecent exposure incident" which culminated in plaintiff's arrest and incarceration given that plaintiff was on parole. The first amended complaint takes issue with Detective Burdick's compilation of evidence and alleges that Detective Burdick falsified evidence and secured perjured testimony. The first amended complaint also names the Bakersfield Police Department as a defendant.

1

On July 19, 2007, plaintiff filed papers for injunctive relief to "withdraw" from the ongoing state criminal action against plaintiff what appears to be nearly all evidence compiled by Detective Burdick leading to indecent exposure charges against plaintiff and including a photographic lineup and statements.

## DISCUSSION

### *Younger* Abstention

The abstention doctrine under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), precludes plaintiff's requested injunctive relief. *Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); *Confederated Salish v. Simonich*, 29 F.3d 1398, 1405 (9th Cir. 1994). The "policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). *Younger* permits "state courts to try state cases free from interference by federal courts," particularly where the party to the federal case may fully litigate his claim before the state court. *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281 (1975) (quoting *Younger*, 401 U.S. at 43, 91 S.Ct. 746). *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689 (1973); *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988).

The *Younger* abstention doctrine originated when a criminal defendant sought a federal court injunction under section 1983 against a pending state court prosecution. *Younger*, 401 U.S. at 41, 91 S.Ct. 746. "*Younger* generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other grounds*, *Green*, 255 F.3d 1086.

Plaintiff's requested injunctive relief would interfere with plaintiff's ongoing criminal proceedings. *Younger* directs this Court to abstain from doing so. Plaintiff's state criminal proceedings provide plaintiff an adequate opportunity to address issues raised in his papers seeking injunctive relief. This Court is not in a position to interject into ongoing state court proceedings.

**Exhaustion**

Moreover, federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised. *See Mannes v. Gillespie*, 967 F.2d 1310, 1311-1312 (9th Cir. 1992). Federal courts require exhaustion out of comity to the state court, and it is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). Plaintiff complains of deprivation of rights prior to his trial in his ongoing criminal proceedings. He has an opportunity to seek relief in his ongoing criminal proceedings, by trial on the merits and subsequent application to state appellate courts.

After completion of state court proceedings, plaintiff may challenge the legality of custody by his sole federal remedy of a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-1248 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied,* 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 488.

Plaintiff has failed to demonstrate exhaustion of underlying state court remedies. Plaintiff's requested injunctive relief is an end run around the state courts and writ of habeas corpus procedures. This Court will not reward plaintiff for his transparent attempt to drag a federal court into ongoing state court proceedings.

**Injunction Merits**

As to the merits, plaintiff fails to demonstrate that he is entitled to injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A

1 preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable
2 success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance
3 of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir.
4 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."
5 *Arcamuzi*, 819 F.2d at 937. Also, an injunction should not issue if the plaintiff "shows no chance of
6 success on the merits." *Arcamuzi*, 819 F.2d at 937. At a bare minimum, the plaintiff "must demonstrate
7 a fair chance of success of the merits, or questions serious enough to require litigation." *Arcamuzi*, 819
8 F.2d at 937.

9 When a government agency is involved, it must "be granted 'the widest latitude in the dispatch
10 of its own internal affairs,'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v.
11 Goode*, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these
12 considerations are, if anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d at 1128.
13 "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course
14 of proceeding.'" *Gomez*, 255 F.3d at 1128 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 501, 94 S.Ct.
15 669, 679 (1974)).

16 Plaintiff fails to demonstrate probable success on his claims or significant threat of irreparable
17 injury, especially given that his criminal proceedings continue. Plaintiff makes no attempt to
18 demonstrate even a fair chance of success on the merits or the existence of serious questions to require
19 litigation.

20 Furthermore, equitable remedies are "unavailable absent a showing of irreparable injury, a
21 requirement that cannot be met where there is no showing of any real or immediate threat that the
22 plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" *City of*
23 *Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983) (quoting O'Shea, 414 U.S. at 502,
24 94 S.Ct. at 679). In this instance, Detective Burdick's past conduct gives rise to plaintiff's claims for
25 relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an
26 adequate remedy at law. *Lyons*, 461 U.S. at 111, 103 S.Ct. at 1670. Plaintiff is not entitled to equitable
27 relief in this action for Detective Burdick's past conduct because there is no allegation, and no argument
28 made by plaintiff, that he will be wronged again by Detective Burdick or the Bakersfield Police

4

1 | Department.

## **CONCLUSION**

For the reasons discussed below, this Court DENIES plaintiff's motions for temporary restraining order and for preliminary injunction.

IT IS SO ORDERED.

**Dated:   July 20, 2007**              /s/ Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE