IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIUS AUGUSTINUS KENNETH PEYTON,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY BURDICK, etc. et al,<br><br>          Defendants. | Case No. 1:07-cv-00453 LJO TAG<br><br>ORDER DENYING PLAINTIFF'S EX-PARTE MOTION FOR APPOINTMENT OF OFFICER FOR DEPOSITIONS BY WRITTEN EXAMINATION<br><br>(Doc. 36) |

On July 25, 2007, incarcerated plaintiff Aurelius Augustinus Kenneth Peyton ("Plaintiff") filed an Ex-Parte Motion for Appointment of Officer for Depositions by Written Examination. (Doc. 36). The motion requests the Court to appoint a qualified officer to serve as a deposition officer pursuant to Fed.R.Civ.P. 28 (a). Plaintiff contends that he needs to "take the testimony of several persons, of at least one public or private corporation, partnership, or association, and of at least one governmental agency, by deposition upon written examination." (Doc. 36, p. 2). Plaintiff declares that because he is incarcerated and indigent, he "is unable to independently provide for or stipulate for the provisions of a qualified deposition officer ). (Id. at p. 5).

The Court has considered Plaintiff's ex-parte motion. Plaintiff's motion states that he wants to take "deposition(s) upon written examination." Plaintiff asks the Court to appoint a qualified deposition officer, e.g., a court reporter, and implicitly, to pay for the court reporter's services. Plaintiff fails to indicate who he wishes to depose, when he wishes to depose them, or how many examinations he intends to conduct.

///

///

1

Rule 31 of the Federal Rules of Civil Procedure sets forth the procedure for depositions upon written notice. Rule 31 (a)(1)(2) states:

(a) Serving Questions: Notice.

(1) A party may take the testimony of any person, including a party, by deposition upon written questions without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45.
(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), *if the person to be examined is confined in prison or if, without the written stipulation of the parties.*
(A) A proposed deposition would result in more than ten depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by third-party defendants;
(B) the person to be examined has already been deposed in the case; or
(C) a party seeks to take a deposition before the time specified in Rule 26(d). (Italics added).

Under Rule 31, a party is allowed to take testimony upon written questions without leave of court, provided that the person to be examined is not confined in prison and his or her deposition is not prohibited under Rule 31 (a) (2). Because Plaintiff has failed to indicate who he wishes to depose, when he wishes to depose them, or how many depositions he intends to conduct, the Court is unable to determine whether any of the proposed depositions are prohibited under Rule 31 (a) (2) . Under these circumstances, an order appointing a deposition officer would be premature and unwarranted at this time.

Plaintiff has also failed to show that he has satisfied the discovery meet and confer requirements set forth in Rule 37-251 of the Local Rules of the United States District Court for the Eastern District of California. Local Rule 37-251 provides that any motion made pursuant to Fed. R. Civ. P. 26 through 37 shall not be heard unless the parties have conferred and attempted to resolve their difference, and the parties have set forth their differences and the bases therefore in a joint statement re discovery disagreements. Here, Plaintiff has failed to show that he has either attempted to obtain the opposing parties' stipulations or complied with Local Rule 27-251. Plaintiff's declaration states that "Being incarcerated and indigent, I am unable to independently provide for or stipulate for the provision of a qualified deposition officer." (Doc. 36, p. 5). Plaintiff's apparent indigence goes to his ability to pay for a court reporter, but it does not explain

///

1 why he is unable to enter into a stipulation regarding discovery procedures, including those set forth
2 in Rule 31 or the selection of a court reporter. (See, Fed.R.Civ.P. 29).

    Based on the foregoing, the Court finds that Plaintiff has failed to establish that ex parte relief is warranted, or that the appointment of a deposition officer is necessary or appropriate at this time. Accordingly, Plaintiff's Ex Parte Motion for Appointment of Officer for Depositions by Written Examinations (Doc. 36) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 26, 2007**                                                        **/s/ Theresa A. Goldner**
                                                                                        UNITED STATES MAGISTRATE JUDGE