1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

8   AURELIUS AUGUSTINUS                )     Case No.  07-cv-0453 LJO TAG
    KENNETH PEYTON, a.k.a. Ellis,      )
9                                      )     ORDER DENYING PLAINTIFF'S EX-PARTE
                    Plaintiff,         )     MOTION REQUESTING COURT TO ISSUE
10                                     )     AN ORDER TO SHOW CAUSE
         v.                            )     (Doc. 55)
11                                     )
    JEFFREY BURDICK, et al.,           )
12                                     )
                    Defendants.        )
13  _____   )

14          On March 12, 2008, Plaintiff Aurelius Augustinus Kenneth Peyton, proceeding in forma

15  pauperis in the instant pro se civil rights action, 42 U.S.C. § 1983, filed an "Ex-Parte Motion for

16  Order to Show Cause – Alleged Contempt by Defendants for Disobeying Subpoena Duces Tecum

17  [18 U.S.C. 401(3)/Fed.R.Civ.P. 45(e)]," with supporting exhibits.  (Docs. 55, 57).  Plaintiff contends

18  that this Court should order Defendants to show cause as to why they should not be held in contempt

19  for failing to respond to the January 24, 2008 discovery requests served on each of them via a

20  subpoena duces tecum.  (Id.). On March 28, 2008, Defendants filed a response in opposition to

21  Plaintiff's ex-parte motion, with a supporting declaration.  (Doc. 59, 60).  The Court has read and

22  considered Plaintiff's motion and Defendants' response, and makes the following ruling.

23                                       DISCUSSION

24          The primary method to obtain documents from a non-party is by subpoena under Federal

25  Rule of Civil Procedure ("FRCP") 45.  See Fed. R. Civ. P 34(c) and Fed.R.Civ.P. 45.  Courts are

26  split on whether a FRCP 45 subpoena is a proper device to obtain documents from a party.  See

27  Flagg v. City of Detroit, 2008 WL 787039 *5 (March 20, 2008) (comparing Mortgage Information

28                                          1

1   Services, Inc. v. Kitchens, 210 F.R.D. 562, 565-566 (W.D.N.C. 2002) (allowing such use) with

2   Hasbro, Inc. v. Serafino, 168 F.R.D. 99. 100 (D. Mass. 1998) (limiting Rule 45 subpoenas to non-

3   parties)).  A majority of courts hold that the use of a FRCP 45 subpoena constitutes discovery, thus a

4   party employing a FRCP 45 subpoena to obtain discovery from a party to an action must also comply

5   with the time constraints and other requirements applicable to other methods of formal discovery.

6   Mortgage Information Services, 210 F.R.D. at 565-568.

7       In this case, although Plaintiff filed his motion pursuant to FRCP 45 on the ground that his

8   subpoenas were not honored, the subpoenas concern documents he wishes to have produced for

9   inspection and copying.  Plaintiff's motion is, therefore, a discovery motion and must conform to the

10  requirements of FRCP 34 and 37.  A FRCP 34 discovery request requires a minimum 30-day

11  response period, and also must be served on opposing counsel.  Fed.R.Civ.P.  34 (b)(2)(a); see

12  Fed.R.Civ.P 5(b)(1) (provides that service on a party represented by an attorney "must be made on

13  the attorney unless the court orders service on the party").  Here, Plaintiff's subpoenas provided for a

14  14-21 day response period and were not served on Defendants' attorney.  Accordingly Plaintiff's

15  subpoenas are defective because they failed to comply with FRCP 34 and 5(b)(1).

16      Plaintiff's discovery motion is construed as a motion to compel discovery.  FRCP 37 (a)(1)

17  requires that a motion to compel discovery "include a certification that the movant has in good faith

18  conferred or attempted to confer with the person or party failing to make disclosure or discovery in

19  an effort to obtain it without court action."  Fed.R.Civ.P. 37(a)(1).  The requirement to meet and

20  confer is also contained in Rule 37-251 of the Local Rules of the United States District Court for the

21  Eastern District of California.  Plaintiff's motion  is not accompanied by a certification or an

22  affidavit indicating that he conferred with Defendants' counsel and attempted to resolve this

23  discovery dispute without resorting to filing a motion.  Accordingly, Plaintiff's motion to compel

24  discovery fails to comply with FRCP 37(a)(1) and L.R. 27-251, and must be denied.

25      FRCP 45(e) provides that "[t]he issuing court may hold in contempt a person who, having

26  been served, fails without adequate excuse to obey the subpoena." Fed.R. Civ.P. 45(e).   A corollary

27  to FRCP 45(e) is that a person may not be held in contempt of court when he has an adequate excuse

28

2

for not honoring a subpoena.  In this instance, Defendants had an adequate excuse for not honoring Plaintiff's defective subpoenas.  Neither an order to show cause nor an order to compel discovery are warranted.

ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Ex-Parte Motion for Order to Show Cause (Doc. 55), is DENIED.

IT IS SO ORDERED.

Dated:   **March 31, 2008**                                                  **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE

3