# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIUS AUGUSTINUS KENNETH PEYTON, a.k.a. ELLIS,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFFREY BURDICK, Detective,<br>BAKERSFIELD POLICE DEPARTMENT,<br><br>          Defendants. | 1:07-cv-00453 LJO TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS IN FIRST AMENDED COMPLAINT, AND TO STAY REMAINING CLAIMS<br>(Doc. 18)<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

## **PROCEDURAL HISTORY**

On March 21, 2007, pro se prisoner and pre-trial detainee,[1] Aurelius Augustinus Kenneth Peyton ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, against Detective Jeffrey Burdick and his employer, the Bakersfield Police Department ("BPD") (collectively, the "Defendants"). (Doc. 1). The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302. On May 17, 2007, Plaintiff obtained leave to file a first amended complaint, which he filed on May 18, 2007. (Docs. 14, 17, 18). On April 3, 2008, Defendants filed a motion for summary judgment. (Doc. 64). No trial date has been set. (See docket, generally).

---

[1] According to Plaintiff, he was incarcerated on a "parole hold" and pending trial in the Kern County Superior Court on the criminal charges pursuant to which this action arose. (Doc. 18, ¶¶ 2, 3).

1

# DISCUSSION

The Court must dismiss a prisoner or informa pauperis complaint, *at any time*, if the Court determines that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (Italics added). See 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. A claim is legally frivolous when it has no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-1228 (9th Cir. 1984). A complaint fails to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When determining whether a complaint states a claim, the Court "must accept as true all allegations of material facts and must construe those facts in the light most favorable to the plaintiff." Resnick, 213 F. 3d at 447; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Although neither party has requested that the Court stay its hand pending the outcome of the ongoing state criminal proceedings against Plaintiff, the Court finds it necessary to raise the issues of whether the federal court should abstain in this action under the doctrine promulgated by Younger v. Harris, 401 U.S. 37, 43-54, 91 S. Ct. 746 (1971), and whether the fact that such state proceedings are ongoing renders Plaintiff's claim subject to the bar of Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S. Ct. 2364 (1994).

**Plaintiff's First Amended Complaint**

In his first amended complaint ("complaint"), Plaintiff alleges that Detective Burdick, individually and in his official capacity, provided false and misleading evidence, and committed perjury, to ensure that Plaintiff would be arrested for violating the terms of his parole and charged with the crime of indecent exposure. (Doc. 18). Specifically, Plaintiff alleges that Detective Burdick manipulated the victim's review of a photographic lineup to encourage her to identify Plaintiff as the perpetrator, by preparing a false police report, and by perjuring himself at the preliminary hearing. (Id. at ¶¶ 17-18, 20-23, 28). Plaintiff contends that Detective Burdick's actions violated his Fourth Amendment right to be free from "unreasonable arrest," and his

///

Fourteenth Amendment right to due process of law. (Id. at ¶ 29). In addition, Plaintiff asserts that Detective Burdick's falsification of a police report and perjury constituted felonies under the California Penal Code. (Id. at ¶ 1).

As to the BPD, Plaintiff alleges that it failed to supervise Detective Burdick to ensure that he performed his work legally, honestly, and ethically. (Doc. 18 at ¶ 27). Plaintiff further alleges that BPD's failure to supervise proximately caused Detective Burdick to engage in the above-mentioned actions, thereby making the BPD liable for Detective Burdick's actions and their results on Plaintiff. (Id. at ¶¶ 28-30).

Plaintiff's complaint seeks injunctive relief directing Defendants to withdraw the falsified evidence and perjured testimony from Plaintiff's pending criminal trial and any future collateral criminal matters, and seeks a further order directing the United States Attorney to prosecute Detective Burdick pursuant to 18 U.S.C. § 241 for his commission of state felonies. The complaint also seeks an order restraining Defendants from retaliation and harassment. The complaint also seeks monetary damages, costs, and attorney fees. (Doc. 18, pp. 13-14, ¶¶ 1-5).

### A. Younger v. Harris abstention

The doctrine of abstention precludes a federal court from deciding a case, when it would potentially intrude upon the powers of another court. In Younger v. Harris, the Supreme Court held that a federal court, with valid subject-matter jurisdiction, was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. Younger v. Harris, 401 U.S. at 43-54; Samuels v. Mackell, 401 U.S. 66, 68-74, 91 S. Ct. 764 (1971) (Younger abstention applies to cases seeking declaratory relief ); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004)(Younger abstention applies to actions for damages); Kenneally v. Lungren, 967 F. 2d 329, 331 (9th Cir. 1992). Federal courts may raise the issue of Younger abstention sua sponte. Martinez v. Newport Beach City, 125 F.3d 777, 781, n. 3 (9th Cir. 1997), overruled on other grounds by Green v. City of Tuscon, 255 F. 3d 1086 (9th Cir. 2001) (citing Belloti v. Baird, 428 U.S. 132, 143-144, n. 10, 96 S. Ct. 2857 (1976); see also San Remo Hotel v. City and County of San Francisco, 145 F. 3d 1095, 1103, n.5 (9th Cir. 1998).

1    Younger and its progeny are based on the interests of comity and federalism that counsel
2  federal courts to maintain respect for state functions and not unduly interfere with the state's
3  good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee
4  v. Garden State Bar Assoc., 457 U.S. 423, 431, 102 S. Ct. 2515 (1982); Dubinka v. Judges of
5  Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v.
6  Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989).  The Younger rationale
7  applies throughout appellate proceedings, requiring that state appellate review of a conviction be
8  exhausted before federal court intervention is permitted.  Huffman v. Pursue, Ltd., 420 U.S. 592,
9  607-611, 95 S. Ct. 1200 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete
10 at the time of the abstention decision, state court proceedings are still considered pending ).

11    The cost, anxiety, and inconvenience of criminal defense are not the kind of special
12 circumstances or irreparable harm that justify federal court intervention.  Younger, 401 U.S. at
13 43-45; Dubinka, 23 F.3d at 225-226.  Moreover, federal injunctive relief should not be used to
14 test the validity of an arrest or the admissibility of evidence in a state criminal proceeding.  Perez
15 v. Ledesma, 401 U.S. 82, 83-85, 91 S. Ct. 674 (1971).  Under the Younger abstention doctrine,
16 federal courts may not stay or enjoin pending state criminal court proceedings, nor grant
17 monetary damages for constitutional violations arising from them.  Mann v. Jett, 781 F. 2d 1448,
18 1449 (9th Cir. 1986).

19    Younger abstention is appropriate when: (1) the state court proceedings are ongoing;
20 (2) the proceedings implicate important state interests; and (3) the state proceedings provide an
21 adequate opportunity raise federal questions.  Middlesex County Ethics Comm., 457 U.S. at 432;
22 Baffert v. California Horse Racing Board, 332 F. 3d 613, 617 (9th Cir. 2003); Kenneally, 967
23 F.2d at 331); Dubinka, 23 F.3d at 223.

24        1.  The Younger requirements are satisfied
25    The first Younger requirement is satisfied here, because the state criminal proceedings
26 against Plaintiff are ongoing in the Kern County Superior Court, as alleged in the complaint.  .
27 The Court also takes judicial notice of the docket of the Kern County  Superior Court in the
28 matter of People of the State of California v. Aurelius Kenneth Peyton, case number

4

1  BF116132A, which is the case number referenced in the complaint, indicating that on September
2  19, 2006, Plaintiff was charged with violating California Penal Code Section 314.1 (indecent
3  exposure with a prior), and the criminal proceeding is set for trial on August 11, 2008.[2]  Thus,
4  Plaintiff has not yet been tried in the state criminal proceedings, and even if he is convicted, the
5  case may continue on in the state appellate courts.  See Drury v. Cox, 457 F.2d 764, 764-765 (9th
6  Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal
7  interposition by way of injunction ...until after the jury comes in, judgment has been appealed
8  from and the case concluded in the state courts.").

9        The second Younger requirement is satisfied, because the state criminal proceeding
10 against Plaintiff implicates California's interest in prosecuting state criminal laws, free from
11 federal interference.  See Juidice v. Vail, 430 U.S. 327,  334, 97 S. Ct. 1211 (1977).

12       The third Younger requirement is satisfied where, as in the instant case, there are ongoing
13 state proceedings at which the plaintiff can raise his federal claims.  Mann, 781 F.2d at 1449 (9th
14 Cir. 1986).  Here, Plaintiff will have an opportunity to adequately litigate his claims of
15 unconstitutional behavior, in the ongoing state criminal proceedings.

16       2. No exception applies

17       A federal court may enjoin a state court proceeding only under certain circumstances, i.e.,
18 where the state proceeding was undertaken in bad faith or for purposes of harassment,  where the
19 law being enforced is patently unconstitutional, or where there is a lack of an adequate state
20 forum.  Each of these exception is addressed below.
21 ///
22 ///
23

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b); United States v. Bernal-Obeso, 989 F. 2d 331, 333 (9th Cir. 1993).  The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records.  Mullis v. United States Bank. Ct., 828 F. 2d 1385, 1388, n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635, n. 1 (N.D. Cal. 1978, aff'd, 645 F.2d 699 (9th Cir. 1981); see also, Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F. 2d 736, 738 (9th Cir. 1980).  As such, information obtained from the internet  website for the Kern County Superior Court, which contains the state court's records for filing and hearing dates, are subject to judicial notice.

The first exception to Younger abstention exists when the state proceeding was brought in bad faith and to harass a criminal defendant. Younger, 401 U.S. at 48-50. In order to fall within this exception, Plaintiff must establish that the state proceeding was brought without a reasonable expectation of obtaining a valid conviction. Younger, 401 U.S. at 48; Kugler v. Helfant, 421 U.S. 117, 126 n. 6, 95 S. Ct. 1524 (1975)(citing Perez v. Ledesma, 401 U.S. 82, 85, 91 S. Ct. 674, 677 (1971)). Here, although the complaint alleges improper conduct on the part of Detective Burdick, it fails to allege facts suggesting that the state proceeding against Plaintiff was filed in bad faith without hope of obtaining a valid conviction.

The second exception to Younger abstention exists when the statute being enforced in the state action is patently unconstitutional, i.e., when it is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Younger, 401 U.S. at 54-54 (citation omitted). Plaintiff's complaint fails to allege facts suggesting that the indecent exposure statute he is charged with violating is unconstutional in any respect.

The third exception to Younger abstention exists when there is a lack of an adequate state forum. In order to fall within this exception, Plaintiff must show that, for example, the state court is biased, and that its recusal provisions are ineffective. Gibson v. Berryhill, 411 U.S. 564, 575-579, 93 S. Ct. 1689 (1975), Middlesex County Ethics Comm., 457 U.S. at 435-437; Kugler, 421 U.S. at 125-131. Here, the complaint fails to allege any facts suggesting the lack of an adequate state forum to resolve Plaintiff's federal claims.

Where Younger abstention applies, the Court must determine whether and how to proceed. A district court must dismiss claims for injunctive or declaratory relief, and it should stay claims for monetary damages. Juidice v. Vail, 430 U.S. at 348 (Justice Stewart, dissenting); Gibson v. Berryhill, 411 U.S. at 564, 577 (1973); Gilbertson v. Albright, 381 F. 3d at 984; . Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988). Here, Plaintiff seeks to have this Court intervene in an ongoing state criminal prosecution. This is precisely the type of case that Younger intended to encompass.

///

Plaintiff's complaint for injunctive and declaratory relief satisfies all three requirements for <u>Younger</u> abstention and there are no "extraordinary circumstances" warranting pre-conviction federal intervention.[3] Plaintiff's claims for injunctive and declaratory relief should be dismissed without prejudice. However, Plaintiff's claims for monetary damages should not be dismissed, but instead stayed pending resolution of the state court proceedings.

**B. <u>Heck v. Humphrey</u>**

Even if <u>Younger</u> abstention did not apply, the Court next addresses whether Plaintiff's § 1983 claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. at 586-487. In <u>Heck</u>, a state prisoner filed a § 1983 action seeking damages for improprieties in the investigation leading to his arrest, for destruction of evidence, and for conduct during his trial. The District Court dismissed the complaint for failing to state a claim. In affirming the dismissal, the Supreme Court analogized the action to one for malicious prosecution, which requires the favorable termination of criminal proceedings, and held that a § 1983 claim for damages concerning a criminal conviction or imprisonment cannot exist unless the conviction has been set aside:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called in to question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486-487 (footnote omitted).

The <u>Heck</u> bar applies to § 1983 claims seeking injunctive relief, as well as those seeking monetary damages. <u>Heck</u>, 512 U.S. at 489-490; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490, 93 S. Ct. 1827 (1973). Although <u>Heck</u> concerned a conviction, its rationale extends to § 1983 claims that challenge procedures which necessarily imply unlawful confinement. <u>Edwards v.</u>

---

[3] Neither Plaintiff nor this Court can determine whether to bring charges against a party. Such a decision is within the discretion of the U.S. Attorney's Office (federal) or the equivalent state agency. <u>See</u> <u>Multimedia Holdings Corp. v. Circuit Court of Florida, St. Johns County</u>, 544 U.S. 1301, 1305, 125 S. Ct. 1624 (2005) (holding that the executive branch, not the judicial branch, has the authority to decide whether and how to charge and prosecute an individual).

7

1 Balisok, 520 U.S. 641, 648 117 S. Ct. 1584 (1997).  Heck has also been applied to pretrial
2 detainees such as Plaintiff, and to claims arising out of pending charges, as in this case.  Alvarez-
3 Machain v. United States, 107 F. 3d 696, 700-701 (9th Cir, 1996); see Harvey v. Waldron, 210 F.
4 3d 1008, 1014 (9th Cir. 2000); see Cabrera v. City of Huntington Park, 159 F. 3d 374, 380 (9th
5 Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was
6 invalidated); see Vincent v. Wiese, 2007 WL 1099121 *3 (D. Hawaii,  April 10, 2007)(" Heck
7 generally bars all claims challenging the validity of an arrest, prosecution, or conviction.")(citing
8 Guerrero v. Gates, 442 F. 3d 697, 703 (9th Cir. 2006)( Heck barred plaintiff's claims of wrongful
9 arrest, malicious prosecution, and conspiracy among police officers to bring false charges against
10 plaintiff); Cabrera, 159 F. 3d at 380 (Heck barred plaintiff's false arrest and imprisonment claims
11 until conviction was invalidated); Smithart v. Towery, 79 F. 3d 951, 952 (9th Cir. 1996)(Heck
12 barred plaintiff's claims that defendants lacked probable cause to arrest him and brought
13 unfounded charges against him)).

14    However, in 2007, the Supreme Court addressed the application of Heck to cases such as
15 this one. In Wallace v. Kato, ___U.S. ___, 127 S. Ct. 1091 (2007),  the Supreme Court held that
16 "the Heck rule for deferred accrual is called into play only when there exists 'a conviction or
17 sentence that has not been ... invalidated.' that is to say, an 'outstanding criminal judgment.'"
18 Wallace, 127 S. Ct. at 1097-1098.  The Supreme Court also rejected the contention that "an
19 action which would impugn an *anticipated future conviction* cannot be brought until that
20 conviction occurs and is set aside," stating that such a contention goes "well beyond Heck."
21 Id. at 1098 (italics in original).  The rejection of this contention was made in the context of
22 deciding the accrual date of a § 1983 claim for false imprisonment.

23    Instead of requiring dismissal of civil claims filed in the shadow of an impending
24 criminal case under Heck, the Supreme Court noted that  if a plaintiff files a § 1983 false arrest
25 claim before he is convicted, or "any other claim related to rulings that likely will be made in a
26 pending or anticipated criminal trial, it is within the  power of the district court, and in accord
27 with common practice, to stay the civil action until the criminal case or the likelihood of a
28 criminal case is ended.  Wallace, 127 S. Ct. at 1098.  If the plaintiff is then convicted, and if the

stayed civil suit would impugn that conviction, Heck requires dismissal. Id. Otherwise, the case may proceed. Id. See Olson v. Lemos, 2008 WL 782724 *2 (E.D. Cal. March 20, 2008).

Here, Plaintiff seeks relief that would preclude the use of identification and other evidence at Plaintiff's pending criminal trial. If he is ultimately convicted on the indecent exposure charge, his success in this action would also necessarily imply the invalidity of that conviction, because his § 1983 claims are predicated on alleged constitutional violations in the criminal investigation. Thus, a stay pursuant to Wallace is the proper course of action here, as to Plaintiff's claims for monetary damages.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court concludes that Plaintiff's claims for injunctive and declaratory relief must be dismissed, and his claims for monetary damages should be stayed pending the outcome of Plaintiff's criminal trial. Accordingly, the Court RECOMMENDS that:

1. Plaintiff's claims for injunctive and declaratory relief in the first amended complaint (Doc. 18), be DISMISSED without prejudice; and

2. Plaintiff's claims for monetary damages in the first amended complaint be STAYED pending complete disposition of the pending criminal charges against Plaintiff; and

3. Defendants' motion for summary judgment (Doc. 64) be DENIED as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections

///

///

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2008**                              **/s/ Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE